IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MADALYN VALDEZ,                          §
              Petitioner,            §
v.                                       §          CIVIL ACTION H-05-356
                                         §
ROBERT ECKELS, *et al.*,                 §
                                         §
              Respondents.          §

<u>OPINION ON DISMISSAL</u>

Petitioner Madalyn Valdez, a Harris County, Texas probationer, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, through her attorney, to challenge her 2002 conviction for resisting arrest.  (Docket Entry No.1).  For the reasons to follow, the Court will dismiss this petition for failure to exhaust state remedies.

<u>28 U.S.C. § 2254</u>

This Court may "entertain an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U .S.C. § 2254(a).  Petitioner claims the prosecutor withheld exculpatory material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) at trial.  Such a claim is a challenge to the legality of her conviction.  Therefore, section 2254 is the proper vehicle for challenging the validity of her conviction.  28 U.S.C. § 2254(a).  Accordingly, petitioner's habeas action is re-designated as a petition filed pursuant to 28 U.S.C. § 2254.

<u>Background</u>

Petitioner was convicted of resisting arrest in the Harris County Criminal Court at Law No.2 in cause number 1094879, and sentenced on May 21, 2002, to one year confinement, probated for

two years.  (Docket Entry No.5, attachment).  On direct appeal, petitioner challenged her conviction on grounds that the evidence was legally insufficient to support the conviction, and the trial court improperly denied her motion to suppress and her requested jury instructions on the legality of her arrest.  *Valdez v. State*, No.14-02-00664-CR (Tex. App.–Houston [14th Dist.] 2003, no pet.).  The state intermediate court of appeals affirmed her conviction.  *Id.*  Petitioner did not file a petition for discretionary review.  *Id.*

Petitioner filed a state habeas application on February 3, 2005, raising the same claim that she now asserts in the pending petition.[1]  Petitioner indicates that the state habeas application is still pending in state court.  (Docket Entry No.5).

Discussion

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that  –

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)   there is an absence of available State corrective process; or

---

[1]  Because petitioner filed the instant petition for federal habeas corpus relief under 28 U.S.C. § 2254 on February 3, 2005, it is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).

      (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

\* \* \* \*

      (c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of her habeas corpus claims fairly to the state's highest court before she may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) she may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher*, 169 F.3d at 302.  A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'"  *Mercadel*, 179 F.3d at 275 (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Here, petitioner can neither allege nor demonstrate that she has satisfied either of the two statutory exceptions to the exhaustion doctrine with respect to her *Brady* claims.  She did not file

a petition for discretionary review and her state habeas application is still pending in state court. It follows that she has presented unexhausted claims in her federal petition. Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's *Brady* claims, her petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not

made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

<u>Conclusion</u>

For these reasons, the Court ORDERS as follows:

1.      The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.      A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 7th day of June, 2005.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5